This is an appeal by the self-insured employer from an award dated April 11, 1946, made by the Workmen’s Compensation Board in favor of the claimant for 20% loss of use of his right arm. The appellant appeals also from a decision of the board dated *844 March -6, 1946, which relieved the Fund for Reopened Cases from liability and which held that the employer alone is liable for the payment of the award. The accident occurred on October 29, 1935, while the claimant was lifting a heavy piece of iron from the floor to the platform. As a result he suffered a rupture of the long head of the biceps muscle of the right arm. Corrective surgery was performed on October 30, 1935. On January 15, 1937, an award for 10% loss of use of the right arm was made to claimant. The award totaled $571.90 and the case was closed. Prior to the accident his duties consisted of cleaning parts in the machine shop and lifting objects weighing two hundred to three hundred pounds. After the accident he was required only to make wire brooms, which was light work. While doing the light work he was paid at the same salary rate as before the accident. The claimant was never restored to heavy work. He suffered pain in his injured arm at various times after the date of the accident. On December 11, 1944, he went to the clinic and complained of the pain in the same area of his • arm and was given several massages and baking treatments. The board found that part of these same salary wages were for reduced earnings because of his disabled condition and constituted advance payments of compensation. These advance payments were made within three years prior to October 2, 1945, when the application to reopen the case was' made. In addition to paying the claimant his full wages for lighter work the employer rendered medical treatment to the claimant commencing in December, 1944. This treatment was given for the condition which resulted from the accident on October 29, 1935, and was rendered within the three-year period prior to the date of the claimant’s application to reopen his case. Upon the application to reopen, the board on April 11,1946, after hearings, modified its award dated January 15, 1937, and held that he-suffered a 20% loss of use of the right arm instead of 10%. In view of these facts the provisions of section 25-a of the Workmen’s Compensation Law do not apply and the award made against the appellant-employer is sustained. Decision and award of the Workmen’s Compensation Board affirmed, with costs to the Workmen’s Compensation Board. All concur.